UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY RAY BETTENCOURT,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM T. IVEY, et al.,<br><br>Defendants. | No. 2:17-cv-1504 DB P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

For the reasons set forth below, the undersigned declines to rule on plaintiff's motion to proceed in forma pauperis and will instead recommend that this action be dismissed without prejudice.

**I.     Screening Requirement**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

////

## II. Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

## III. Plaintiff's Allegations

Plaintiff is a state prisoner housed at Mule Creek State Prison in Ione, California. He brings this action against Gorden Spencer, a prosecutor in Merced County; William T. Ivey, a Merced County Superior Court judge; Donald Spector, the Prison Law Office CEO at San Quentin State Prison; the "Legal Affairs Office"; Dan Shamburge of the Livingston, California Police Department; the Commissioner of the Board of Parole Hearing; and the Warden of California State Prison in Corcoran, California.

Plaintiff's allegations may be fairly summarized as follows:

Plaintiff was convicted in 1992 of first-degree murder and sentenced to life in prison without the possibility of parole. Plaintiff's claims in this case appear related to this conviction.

He takes issue with the investigation conducted by a state investigator, the sufficiency of evidence used to convict him, and the trial judge's allegedly improper communications with the jury.

Plaintiff seeks a commutation of his sentence and/or a parole hearing.

**IV.     Discussion**

Plaintiff seeks a reduction of his sentence based on certain constitutional errors he contends occurred during his criminal trial. State prisoners, however, may not challenge the fact or duration of their confinement in a § 1983 action; their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). A habeas corpus action is the proper mechanism for a prisoner to challenge the fact or duration of his confinement, but a civil rights action is the proper mechanism for challenging the conditions of his confinement. Crawford v. Bell, 599 F.2d 890, 891-92 (9th Cir. 1979); Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir. 1990). Since plaintiff is challenging the fact or duration of his confinement, he must bring his claims in a petition for a writ of habeas corpus. For this reason, plaintiff's civil rights complaint must be dismissed.

**V.     Conclusion**

Accordingly, IT IS HEREBY ORDERED that a district judge be assigned to this case; and

IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice to the refiling of a habeas petition.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties

////
////
////
////
////

are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 2, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/bett1504.scrn