UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY RAY BETTENCOURT,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>WILLIAM T. IVEY, et al.,<br><br>　　　　　　Defendants. | No. 2:17-cv-1504 GEB DB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se. On October 31, 2017, this action was dismissed without prejudice. (ECF Nos. 6, 7.) On January 1, 2018, plaintiff filed a motion for an extension of time to file a notice of appeal and a notice of appeal.[1] (ECF No. 8.) On February 28, 2018, the Court of Appeals remanded this case for the sole purpose of allowing this court to rule on plaintiff's motion for an extension of time. (ECF No. 11.)

A notice of appeal must be filed within thirty days of this court's final order. See Fed. R. App. P. 4. However, Rule 4 provides a grace period of 30 days after expiration of that time to file a motion for an extension of time. Fed. R. Civ. P. 4(a)(1)(A). The court entered judgment in this case on October 31, 2017. (ECF No. 7.) Therefore, the time period for filing a notice of appeal

---

[1] Pursuant to the mailbox rule, plaintiff's motion is deemed filed on the date he provided it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 270 (1988). The proof of service attached to plaintiff's motion shows that date as January 1, 2018. (ECF No. 8 at 3.)

1

expired on November 30, 2017, and the deadline for filing a motion for an extension of time expired on December 29, 2017.  In his motion, plaintiff states that he was not served with a copy of the court's final ruling until November 10.[2]  (ECF No. 8.)  If the court considers this later service date as the trigger for plaintiff's filings, plaintiff's notice of appeal was due on December 9, 2017 and plaintiff's motion for an extension of time filed on January 1, 2018, less than 30 days later, would thus have been timely.

Even if the court gives plaintiff the benefit of the later trigger date for filing his notice of appeal, plaintiff has not shown why he failed to file his notice of appeal by December 9, 2017.  Rule 4 requires a motion for an extension of time to be supported by a showing of "excusable neglect or good cause."  Fed. R. Civ. P. 4(a)(5)(A).  Plaintiff simply states that there were "causes beyond of my hands," "excusable neglect," and "good cause," but he does not provide any description of why he was unable to file a timely notice of appeal.  Plaintiff's motion provides an insufficient basis for a finding of excusable neglect or good cause under Rule 4.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for an extension of time (ECF No. 8) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified

////

////

---

[2] Plaintiff refers to the year several times as 2016.  However, in this case filed in 2017, it is clear he simply mis-states the year.  It should also be noted that plaintiff's motion also mis-states the date of the court's final opinion in this matter.  Plaintiff refers to the court's October 2 order.  This court's Order and Findings and Recommendations were signed on October 2, 2017.  On October 30, 2017, plaintiff filed objections to those findings and recommendations.  Therefore, it is apparent that he received the Findings and Recommendations prior to that time.  The court therefore assumes plaintiff did not receive the court's final order, filed October 31, 2017, until November 10, 2017.

time may result in waiver of the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 2, 2018

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/bett1504.noa eot